UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNA VOYNE,

        Plaintiff,

    v.

LONGS DRUG STORES CALIFORNIA L.L.C., et al.,

        Defendants.

Case No.  25-cv-09569-PCP

**ORDER GRANTING MOTION TO REMAND**

Dkt. Nos. 4, 13

Plaintiff Anna Voyne filed this premises-liability action in state court against defendants Longs Drug Stores California, LLC; CVC Pharmacy, Inc.; and Martha Ortiz. Longs Drug and CVS removed the case to this Court based on diversity jurisdiction, alleging that in-state defendant Ortiz was fraudulently joined. Voyne now moves to remand, and the removing defendants move to dismiss certain of Voyne's claims. For the reasons below, the Court grants the motion to remand, denies the motion to dismiss for lack of jurisdiction, and orders the removing defendants to show cause why the Court should not award attorney's fees and costs against them.

**BACKGROUND**

According to Voyne's complaint, she visited a pharmacy owned by Longs Drug Stores in Monterey, California on June 20, 2023. While there, an employee or agent of Longs Drug Stores directed her to proceed to a particular area of the store "to complete the process necessary for her transaction." "[A]s a result of the dangerous condition that existed" in that part of the store, Voyne "was severely injured" in a slip-and-fall accident.

Based on these allegations, Voyne filed this action in Monterey County Superior Court against Longs Drug Stores, its parent company CVS, and Ortiz, whom Voyne alleges was the supervising manager of the pharmacy at the time of the accident. It is undisputed that Voyne and

Ortiz are citizens of California, while Longs Drugs and CVS are citizens of other states. Voyne's complaint asserts state-law claims against all defendants for (1) negligently owning, leasing, managing, constructing, inspecting, supervising, or controlling the premises; (2) negligently hiring, training, supervising, managing, or otherwise employing individuals who created the dangerous conditions; and (3) premises liability under both a negligence and a failure-to-warn theories.

Defendants removed the case based on diversity jurisdiction and then moved to dismiss the claims against CVS and Ortiz. Voyne responded by filing a motion to remand.

### LEGAL STANDARD

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. §§ 1332(a), 1441. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). Because courts "strictly construe the removal statute against removal jurisdiction[,] [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

### DISCUSSION

Defendants removed this action based on diversity jurisdiction. The parties agree that the amount in controversy exceeds $75,000, that there is complete diversity between Voyne and the two corporate defendants, and that Ortiz's presence as a defendant would destroy complete diversity. The only question, then, is whether Ortiz is properly a party to this action. If so, the Court lacks diversity jurisdiction.

Defendants argue that Ortiz is not properly named as a defendant because she was fraudulently joined. Fraudulent joinder provides an "exception to the requirement for complete diversity" where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d

United States District Court
Northern District of California

1039, 1043 (9th Cir. 2009). The removing defendant invoking diversity jurisdiction based on fraudulent joinder bears the "heavy burden'" of defeating the "general presumption against [finding] fraudulent joinder" by showing that the in-state defendant "cannot be liable on any theory." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (first quoting *Hunter*, 582 F.3d at 1046; and then quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046). In assessing fraudulent joinder, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Hunter*, 582 F.3d at 1044). The need for more than a summary factual inquiry itself shows that the removing defendant cannot carry its burden. *Id.*

Defendants fall far short of the high bar required to show fraudulent joinder.

First, defendants argue in their notice of removal that Ortiz was fraudulently joined because Ortiz is not a necessary party to this action under Federal Rule of Civil Procedure 19. But defendants do not explain how a *federal* joinder rule would preclude a *state* court from finding that Voyne stated a cause of action against Ortiz, as is required to show fraudulent joinder. In any case, Rule 19 does not suggest that Ortiz would be an improper party even in federal court. That is because Rule 19 governs only who "*must* be joined," not who *may* be joined. Fed. R. Civ. P. 19(a)(1) (emphasis added). As the Supreme Court explained more than 140 years ago, "[a] defendant may be a proper, but not an indispensable, party to the relief asked." *Barney v. Latham*, 103 U.S. 205, 214–15 (1880). That is the case here.

Second, defendants argue in their opposition to Voyne's motion to remand that Voyne cannot recover from Ortiz because Ortiz was not present at the store at the time of the accident. Specifically, defendants contend that Ortiz's absence means that her negligent conduct amounts at most to "nonfeasance," rather than "misfeasance." And they insist that an individual employee is liable to third parties under California law only for misfeasance. Thus, in defendants' view, Voyne may seek relief only from Longs Drug Stores as an employer for its allegedly negligent hiring and

3

supervision.

What scant authority defendants cite for this argument offers them no support. For example, they rely on a treatise on *California Jurisprudence* for the proposition that "[a]n agent is not liable to third parties for a failure to perform the agent's duties to the principal, that is, for nonfeasance, as distinguished from misfeasance." 2B Cal. Jur. 3d Agency § 156. Yet defendants ignore the same treatise's explanation, only two sentences later, that this rule applies only "so long as that failure to perform [i.e., nonfeasance] did not breach a duty of care the agent owed to the third parties." *Id.* By their nature, Voyne's negligence claims necessarily allege that defendants (including Ortiz) owed her a duty of care. *See Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992), *as modified* (Nov. 12, 1992). And Voyne's complaint alleges that all defendants breached that duty of care by negligently creating dangerous conditions that led to her injury.

Defendants also rely on *Mears v. Crocker First National Bank of San Francisco*, 97 Cal. App. 2d 482 (1950). *Mears* held that a third-party stockholder had no conversion claim against a stock-transfer agent who refused to transfer the stockholder's shares in breach of the agent's contract with the corporation and stock exchange. *See id.* at 491. But *Mears*'s holding stemmed from the court's conclusion that the stock-transfer agent owed no duty to the stockholder under the contract. By contrast, Voyne's complaint necessarily alleges that Ortiz *did* owe her a general duty of reasonable care, which Ortiz allegedly breached by creating dangerous conditions at the store through her own negligence or her negligent supervision of others. *Mears* does not suggest that Ortiz is insulated from liability because she was an agent whose alleged conduct involved a failure to act rather than active misfeasance. Quite the opposite: *Mears* emphasized that the general principle that agents are liable only for misfeasance, not nonfeasance, arose from "[t]he maxim *respondeat superior*." *Id.* at 491. Far from serving to limit agents' liability, this principle originally operated to expand it by making clear that agents cannot hide behind their principals when the agents' own acts or omissions breach duties to third parties. *Id.* So while an agent's "failure to perform his duties to his principal" does not impose liability to third parties, nothing "exempt[s] the agent from liability even for mere negligence." *Id. Mears* thus offers no shield to Ortiz against Voyne's negligence claims.

Finally, defendants cite a single case for the argument that only the corporate defendants, not Ortiz as a store manager, may be liable for negligent hiring and supervision. *See J.W. v. Watchtower Bible & Tract Soc'y of New York, Inc.*, 29 Cal. App. 5th 1142, 1163 (2018) ("In a negligent hiring/retention cause of action, the neglect alleged is not that of the employee."). Defendants either badly misunderstand or brazenly misconstrue the meaning of this case. As context makes clear, the quoted language explains only that "[n]egligent hiring/retention is a theory of direct liability," not "vicarious liability." *Id.* So in stating that that "the neglect alleged is not that of the employee," *J.W.* refers to the employee *being negligently supervised*. This language does not suggest in any way that a defendant manager whose own negligent supervision results in harm to a plaintiff can escape liability for that direct negligence.

In sum, none of the authorities on which defendants rely offer them any support. And as Voyne notes, there is ample authority rebutting defendants' assertion that Ortiz cannot be liable simply because she was not present at the store at the exact moment of the accident. *See Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5 Cal. 5th 216, 220–23 (2018), *as modified* (July 25, 2018) (explaining that an employer may be liable for negligent hiring or supervision that only much later results in an employee's harm to a third party). The Court therefore concludes that Ortiz was not fraudulently joined. Because Ortiz's presence as a defendant destroys complete diversity, the Court lacks subject-matter jurisdiction and must remand this action.

Voyne also seeks fees and costs under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). District courts "retain discretion to consider whether" an award of fees and costs is appropriate in a particular case. *Id.* For the reasons details above, it appears that defendants' removal was objectively unreasonable, justifying an award of fees. *Cf. Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) (holding that an award of fees under § 1447(c) was improper where it was "a close question" whether a non-diverse defendant had been fraudulently joined). The Court therefore orders defendants to show cause by no later than March 31, 2026 why attorney's fees and costs should not be awarded.

5

**CONCLUSION**

For the foregoing reasons, Voyne's motion to remand is GRANTED. Defendants' motion to dismiss is DENIED for lack of jurisdiction. Defendants are ordered to show cause by no later than March 31, 2026 why attorney's fees and costs should not be awarded against them.

**IT IS SO ORDERED.**

Dated: March 13, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

6